1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GENNADIY SEVCHUCK,

11              Petitioner,                    No. 2:12-cv-2857 KJM CKD P

12        vs.

13   MATHEW CATE,

14              Respondent.                    <u>ORDER</u>

15   _____/

16              Petitioner is a California petitioner proceeding pro se with an application for writ

17   of habeas corpus under 28 U.S.C. § 2254.  He has requested an extension of time to file his

18   traverse.  Good cause appearing, that request will be granted.

19              Petitioner also requests that the court "direct CDCR personal at [the Sierra

20   Conservation Center] to stop preventing CDCR prisoner Eric Knapp from receiving mail from

21   petitioner's Sevchuck's family which contains Petitioner's case-related legal materials."

22   Apparently, Mr. Knapp has been assisting petitioner with his traverse.  The court will not grant

23   petitioner the order he requests at this point, as it does not appear that whatever problems he is

24   experiencing with CDCR staff are permanent.  As indicated above, the court will grant petitioner

25   an extension of time to file his traverse.  If, at some point, it appears that staff are stopping

26   /////

1

1   petitioner from filing a traverse as opposed to causing reasonable delay related to prison

2   management, the court will consider entering an order concerning the conduct of staff.

3           Petitioner has requested the appointment of counsel.  There currently exists no

4   absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

5   453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

6   any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing

7   § 2254 Cases.  In the present case, the court does not find that the interests of justice would be

8   served by the appointment of counsel at the present time.

9           Finally, petitioner requests that Mr. Knapp be recognized as petitioner's "next

10  friend."  One of the requirements for appointing a "next friend" is that the person seeking to be

11  the "next friend" be "truly dedicated to the best interests of the person on whose behalf he seeks

12  to litigate, . . . and it has been further suggested that a 'next friend' must have some significant

13  relationship with the real party in interest."  Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).

14  There has not been a showing that petitioner and Mr. Knapp have the sort of relationship

15  warranting Mr. Knapp's appointment as "next friend."

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.   Petitioner's request for an extension of time to file his traverse (Dkt. No. 15)

18  is granted.

19          2.  Petitioner shall file his traverse within 30 days of this order.

20          3.  Petitioner's request that the court "direct CDCR personal at [the Sierra

21  Conservation Center] to stop preventing CDCR prisoner Eric Knapp from receiving mail from

22  petitioner's Sevchuck's family which contains Petitioner's case-related legal materials" is denied.

23  /////

24  /////

25  /////

26  /////

4. Petitioner's request for the appointment of counsel is denied.

5. Petitioner's request that Mr. Eric Knapp be identified as petitioner's "next friend" is denied.

Dated: April 23, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sevc2857.111

3